

# Fourth Court of Appeals
## San Antonio, Texas

September 24, 2019

No. 04-19-00628-CR

Roy **TIPPITT**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR13262
Honorable Stephanie R. Boyd, Judge Presiding

# O R D E R

Roy Tippitt entered into a plea bargain with the State, pursuant to which he pled nolo contendere to the charged offense. The trial court imposed sentence in accordance with the agreement on June 3, 2019, and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has waived the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Tippitt did not file a motion for new trial. Therefore, a notice of appeal was due July 3, 2019, or the notice and a motion for extension of time to file, were due fifteen days later on July 18, 2019. TEX. R. APP. P. 26.2(a)(1), 26.3. The record does not contain a notice of appeal, but Tippitt filed an untimely motion for extension of time to file the notice of appeal on September 11, 2019.

The clerk's record includes the trial court's Rule 25.2(a)(2) certification and the written plea bargain agreement. *See* TEX. R. APP. P. 25.2(d). The record appears to support the trial court's certification that Tippitt does not have a right to appeal and waived any right of appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d).

Tippitt is given notice that this appeal will be dismissed unless, by **October 14, 2019,** (1) he files a response establishing that a notice of appeal and a motion for extension of time to file a notice of appeal were timely filed **and** (2) an amended certification showing that Tippitt has the right to appeal is made part of the appellate record. *See Olivo v. State*, 918 S.W.2d 519, 522

(Tex. Crim. App. 1996) (holding that timely notice of appeal is necessary to invoke court of appeals' jurisdiction); TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), disp. on merits, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). If appellant fails to satisfactorily respond within the time provided, the appeal will be dismissed.

We **order** all appellate deadlines are suspended until further order of the court. We further **order** the clerk of this court to serve copies of this order on the attorneys of record and the court reporter.

Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 24th day of September, 2019.

LUZ ESTRADA,
Chief Deputy Clerk